# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THOMAS L. PARKER,

                Petitioner,                    Case Number: 05-CV-74125

v.                                           HON. GERALD E. ROSEN

MARY BERGHUIS,

                Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Thomas L. Parker is currently incarcerated at the Brooks Correctional Facility in Muskegon Heights, Michigan, pursuant to convictions for being a felon in possession of a firearm and a fourth habitual offender. Petitioner filed a *pro se* petition for a writ of habeas corpus challenging the constitutionality of these convictions. In response, Respondent filed a Motion for Summary Judgment and Dismissal of Petition for Writ of Habeas Corpus on the ground that the petition was not timely filed.

## I.    Procedural History

Following a jury trial in St. Clair County, Petitioner was convicted of being a felon in possession of a firearm. On June 1, 1998, he was sentenced as a fourth habitual offender to fifteen to fifty years imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed his convictions and sentence. People v. Parker, No. 212839 (Mich. Ct. App. May 12, 2000). Petitioner filed an application for leave to appeal in the Michigan Supreme

Court.  The Michigan Supreme Court denied leave to appeal.  People v. Parker, No. 117167

(Mich. Dec. 27, 2000).

On December 3, 2001, Petitioner filed a motion for relief from judgment in the trial

court.  The trial court denied the motion for relief from judgment.  People v. Parker, No. 98-261-

FH (St. Clair County Circuit Court Jan. 8, 2003).  Petitioner filed a delayed application for leave

to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of

Appeals.  The Michigan Court of Appeals denied leave to appeal.  People v. Parker, No. 252835

(Mich. Ct. App. July 9, 2004).  Petitioner then filed an application for leave to appeal in the

Michigan Supreme Court, which was denied on December 29, 2004.  People v. Parker, No.

126648 (Mich. Dec. 29, 2004).

Petitioner then filed the pending petition for a writ of habeas corpus, which was signed

and dated October 20, 2005.

## II.    Discussion

Respondent has filed a Motion for Summary Judgment on the ground that the petition

was not timely filed.  The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No.

104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the

effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas

corpus petitions.  Petitioner's application for habeas corpus relief was filed after April 24, 1996.

Therefore, the provisions of the AEDPA, including the limitations period for filing an

application for habeas corpus relief, apply to Petitioner's application.  Lindh v. Murphy, 521

U.S. 320, 337 (1997).

A prisoner must file a federal habeas corpus petition within one year of the "date on

which the judgment became final by the conclusion of direct review or the expiration of the time

for seeking such review." 28 U.S.C. (d)(1)(A). In addition, the time during which a prisoner

seeks collateral review of a conviction does not count toward the limitations period. 28 U.S.C. §

2244(d)(2). The limitations period "is tolled from the filing of an application for state post-

conviction or other collateral relief until the conclusion of the time for seeking Supreme Court

review of the state's final judgment on that application independent of whether the petitioner

actually petitions the Supreme Court to review the case." Abela v. Martin, 348 F.3d 164, 172

(6th Cir. 2003) (en banc), *cert. denied sub nom.* Caruso v. Abela, 124 S. Ct. 2388 (May 24, 2004).


In the pending case, the Michigan Supreme Court, on direct review, denied Petitioner's

application for leave to appeal on December 27, 2000. People v. Parker, No. 117167 (Mich.

Dec. 27, 2000). Petitioner's conviction became final ninety days later, on March 27, 2001, when

the time during which Petitioner could have filed a petition for certiorari in the United States

Supreme Court expired. The one-year limitations period commenced the following day, March

28, 2001. *See* Bronaugh v. Ohio, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day

on which a petitioner can file a petition for a writ of certiorari in the United States Supreme

Court is not counted toward the one-year limitations period applicable to habeas corpus

petitions).

The one-year limitations period continued to run until December 3, 2001, when Petitioner

filed his motion for relief from judgment in the trial court. The filing of the motion for relief

from judgment, a properly filed application for state collateral review, tolled the limitations

period with 117 days remaining. Petitioner's motion for relief from judgment was denied by the

trial court.  Petitioner filed a delayed application for leave to appeal the trial court's denial of his

motion for relief from judgment in the Michigan Court of Appeals, which denied leave to appeal.

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which

was denied on December 29, 2004.  People v. Palmer, No. 126648 (Mich. Dec. 28, 2004).  The

last day on which petitioner could have filed a petition for a writ of certiorari in the United States

Supreme Court was March 29, 2005.

Thus, the limitations period, of which 117 days remained, resumed running on March 30,

2005, the day after the time for seeking Supreme Court review of the Michigan Supreme Court's

decision denying leave to appeal concluded.  Bronaugh, 235 F.3d at 284-85; Abela, 348 F.3d at

172.  To comply with the one-year limitations period, Petitioner needed to file his habeas

petition by July 24, 2005.  Petitioner filed his petition on October 20, 2005, almost three months

after the limitations period expired.  The petition, therefore, is untimely.

Petitioner argues that he is entitled to equitable tolling of the limitations period. "Because

AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the

deadline may still maintain a viable habeas action if the court decides that equitable tolling is

appropriate."  Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004), citing Dunlap v. United States,

250 F.3d 1001, 1007 (6th Cir. 2001).  The Sixth Circuit Court of Appeals has identified the

following five factors to be considered in determining whether a habeas corpus petitioner is

entitled to equitable tolling: (1) the petitioner's lack of notice of the filing requirement; (2) the

petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing

one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness

in remaining ignorant of the legal requirement for filing his claim.  Dunlap, 250 F.3d at 1008.

4

Petitioner argues that the limitations period should be equitably tolled because, on direct appeal, the trial court permitted appointed appellate counsel to withdraw after having filed a brief in the Michigan Court of Appeals, and the trial court then denied Petitioner's request for substitute counsel. The trial court's decision to allow appellate counsel to withdraw on Petitioner's appeal of right did not impeded Petitioner's ability to timely file a habeas petition. Therefore, the Court concludes that Petitioner is not entitled to equitable tolling of the limitations period.

**III.     Conclusion**

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period and that equitable tolling of the limitations period is not warranted.

Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED**.


                         S/Gerald E. Rosen
                         Gerald E. Rosen
                         United States District Judge

Dated:  September 29, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2006, by electronic and/or ordinary mail.

                         S/Donna D. Vinson
                         Deputy Clerk

5